COLBURN BLOOD, Administrator, *vs.* ABRAM FRENCH.

An administrator is a competent witness under *St.* 1856, *c.* 188, in an action on a contract made by himself as such.

An auctioneer has no authority to bind an administrator personally by a warranty of the condition of goods of the intestate.

ACTION OF CONTRACT to recover the price of a quantity of hay sold by public auction by the plaintiff as administrator of the estate of Nathaniel B. Coburn to the defendant. Answer, "that the hay was sold by sample for well cured, sweet, English hay, and represented to be as good as the sample exhibited; and that the hay was sour and musty, and of little or no value." Trial in the court of common pleas before *Aiken*, J., who signed a bill of exceptions, the material part of which was as follows:

" Both parties offered themselves as witnesses and were admitted by the court. To the admission of the plaintiff the defendant excepted.

" There was evidence tending to show that the hay at the time of the sale was in a barn, mostly surrounded by other hay, and not easily accessible; that, after the hay was offered and the bidding commenced, some person said he wanted to see the hay, and the sale was suspended, and a purchaser at the sale and bidder on this hay, on his own motion, went up, and brought down some of the hay, which the defendant and the auctioneer examined, and the auctioneer said was ' as sweet as a nut,' and the auctioneer also said the hay was all alike; and the sale was then resumed.

" The auctioneer, who was called as a witness by the defendant, testified that he had no authority to warrant the hay, and that he made no warranty; and there was conflicting evidence as to what was said by the auctioneer at the sale. It appeared that the plaintiff was present and kept the account of the sales; but it did not appear that he had any knowledge of the hay, or authorized any sale of it by sample, or made any representation or warranty about it.

" There was evidence tending to show that after the hay was delivered it was musty and sour, and the defendant's horses would not eat it.

" The court instructed the jury that, unless they were satisfied that the plaintiff warranted the hay, or authorized the auctioneer to warrant it, they must find for the plaintiff; and that if the hay was sold by a sample, it would amount to a warranty that the bulk was as good as the sample, if the parties so understood and intended it as a sale by sample.

" The defendant requested the court to instruct the jury ' that the auctioneer, being the agent of the plaintiff, if they were satisfied that he made any warranty in the presence of the plaintiff, he was bound by it; that if the auctioneer sold and the defendant purchased the hay by a sample, it was a warranty, and the plaintiff was bound by the sale and representation as made by the auctioneer ; and that if the auctioneer made any representation in relation to the quality or kind of hay by word or deed, the plaintiff was bound by it.' And the court so instructed the jury, adding however the qualification ' if the plaintiff had knowledge of it.' To this qualification the defendant excepted. The jury returned a verdict for the plaintiff."

*A. R. Brown,* for the defendant, cited *Morton* v. *Dean,* 13 Met. 385; Chit. Con. (8th Amer. ed.) 354; Story on Sales, § 351.

*A. P. Bonney,* for the plaintiff.

Bigelow, J. 1. The parties to the suit were competent witnesses. The exception in *St.* 1856, *c.* 188, is intended to apply only to cases where the suit is brought by or against an executor or administrator, on a contract or cause of action made or existing before the death of the party represented on the record, and not to a case like the present, where the action is brought on a contract made with an administrator personally concerning the sale of the effects in his hands.

2. The instructions as to the right and authority of the auctioneer to warrant the article sold were correct. We doubt whether, in an ordinary sale of goods by auction, an auctioneer *virtute officii* has any right or authority to warrant goods sold

by him, in the absence of any express authority from his princi-pal to do so, and without proof of some known and established usage of trade, from which an authority can be implied. *The Monte Allegre*, 9 Wheat. 647. *Upton v. Suffolk County Mills*, 11 Cush. 589. However this may be, we are clear that he has no such authority in a case like this, where he acts as agent for an administrator in selling the goods of his intes-tate. The nature of the sale and the representative capacity in which the vendor acts in employing the auctioneer, preclude any implied right or authority in the latter to make a warranty, binding on the administrator personally, of the soundness of the articles sold. *Exceptions overruled.*